IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

STEVEN LANIER SHIPES,        )
        )
      Plaintiff,      )
        )
    v.      )    CIVIL ACTION NO. 1:05CV1170-VPM
        )
JO ANNE B. BARNHART      )
COMMISSIONER OF SOCIAL      )
SECURITY,      )
        )
      Defendant.      )

## MEMORANDUM OPINION AND ORDER

### I.    INTRODUCTION

The plaintiff applied for disability insurance benefits pursuant to Title II of the Social

Security Act,  42 U.S.C. § 401, alleging that he was unable to work because of a disability.

His application was denied at the initial administrative level.  The plaintiff then requested and

received a hearing before an Administrative Law Judge (ALJ).  Following the hearing, the

ALJ also denied the claim.  The Appeals Council rejected a subsequent request for review.

The ALJ's decision consequently became the final decision of the Commissioner of Social

Security (Commissioner).[1]  *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

The case is now before the court for review pursuant to 42 U.S.C. §§ 405(g) and

1631(c)(3).  Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of
1994, Pub.L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and
Human Services with respect to Social Security matters were transferred to the
Commissioner of Social Security.

all proceedings before, and entry of a final judgment by, the United States Magistrate Judge

(Docs. 7-8, filed 19 January 2006).   Based on the court's review of the record in this case and

the briefs of the parties, the court concludes that the decision of the Commissioner should be

reversed.

## II.   STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any
> medically determinable physical or mental impairment which
> can be expected to result in death or which has lasted or can be
> expected to last for a continuous period of not less than 12
> months...

To make this determination[2] the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

(1)     Is the person presently unemployed?

(2)     Is the person's impairment severe?

(3)     Does the person's impairment meet or equal one of the specific
impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?

(4)     Is the person unable to perform his or her former occupation?

(5)     Is the person unable to perform any other work within the economy?

_____

[2]A "physical or mental impairment" is one resulting from anatomical,
physiological, or psychological abnormalities which are demonstrable by medically
acceptable clinical and laboratory diagnostic techniques.

An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The standard of review of the Commissioner's decision is a limited one.  This court must find the Commissioner's decision conclusive if it is supported by substantial evidence.  42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th  Cir. 1997).  "Substantial evidence is more than a scintilla, but less than a preponderance.  It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  A reviewing court may not look only to those parts of the record which support the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ.  *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

[The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

────────────────

[3]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI).  The same sequence applies to disability insurance benefits.  Cases arising under Title II are appropriately cited as authority in Title XVI cases.  *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

3

### III.   THE ISSUES

#### A.   *Introduction*

The plaintiff was 48 years old at the time of the hearing before the ALJ and has a high school diploma and two years of junior college (but no degree).   The plaintiff's prior experience includes work as a slaughterhouse owner and machine operator at a tire factory. Following the administrative hearing, the ALJ concluded that the plaintiff has the following impairments: degenerative disc disease, obesity, and a history of hypertension.   Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform a full range of light work.

#### B.   *Plaintiff's Claims*

The plaintiff presents four issues for review: (1) Whether the ALJ impermissibly failed to order a consultative psychological examination; (2) Whether the ALJ impermissibly replied upon the Medical-Vocational Guidelines (20 C.F.R. pt. 404, subpt. P, app. 2) in determining that the plaintiff was not disabled; (3) Whether the ALJ improperly discounted the plaintiff's pain testimony; and (4)   Whether the ALJ's finding of residual functional capacity was not supported by substantial evidence.

The court pretermits discussion of the latter three issues, because consideration of the first mandates reversal.

## IV.    DISCUSSION

_____The plaintiff argues that the ALJ should have ordered a consultative psychological examination to evaluate him for depression.

Hospital records show that a psychiatrist, Dr. Ann McDowell, diagnosed the plaintiff with postoperative depression after his third back operation in 1997 and prescribed Paxil (R. 127-29, 133).  The plaintiff also received the antidepressant Elavil (R. 133).  No reports from the psychiatrist appear in the record.  Notes from a treating physician, Dr. Hornsby, show "worsening anxiety syndrome (tense or nervous)" in December 1998 (R. 167-68) and that the plaintiff was taking the anti-anxiety agent Hydroxyzine HCI (R. 168).

Dr. Hornsby's notes from September 2003 show "depression, anxiety" (R. 163), though his notes from 2000 (R. 165-66) do not, and Dr. Hornsby's reports from 2000 and 2003 do not show any medications for depression or anxiety.    In October 2003, the consultative examiner, Dr. Ellis (an osteopath), noted that the plaintiff had a "history of depression" but noted no signs of current depression.  The plaintiff's 2004 medications list includes hydroxyzine parmoate prescribed by Dr. Hornsby and given as a "sleep aid"  (R. 105) (Plaintiff's counsel correctly notes that this drug is also used to treat anxiety), but no other psychotropic medications.   Thus, the record shows one finding of depression in 2003 and no prescriptions of drugs for depression after 1998 (the alleged date of onset is in 2002).

The ALJ wrote as follows:

> The undersigned recognizes the paucity of medical evidence in this case, and he specifically acknowledges the overall lack of persistent and regular treatment.  It is

5

> reasonable to assume that if the claimant were experiencing physical and/or mental difficulties to a disabling degree, he would have presented to his physicians for ongoing treatment. The undersigned points out that the record does not contain evidence that the claimant obtained specific treatment or counseling at a mental health facility or was prescribed medications specifically for mental complaints...
>
> The claimant has further testified that he suffers from the severe impairment of depression/anxiety; however, the undersigned finds that there is no evidence to support the severity of his alleged impairments. Although Dr. Hornsby diagnosed the claimant with depression/anxiety in September 2003, there is no indication that he prescribed any medication [R. 161-169]. The claimant has not been diagnosed with depression or anxiety since September 2003. He currently takes no psychotropic medications [R. 184-188]. He receives no ongoing mental health treatment and has never been hospitalized for mental health issues. It is further significant that his physicians have not felt it necessary to refer the claimant to a psychologist or psychiatrist for treatment or evaluation. Therefore, the undersigned finds the claimant's diagnosed depression/anxiety to be "non-severe."

(R. 21-22). The ALJ also noted that the plaintiff was able to do 2-3 daily hours of unspecified kitchen work as part of a 16-week drug rehabilitation program in 2004 (R. 21, 238), and he used this as evidence that the plaintiff's impairments, taken together, did not disable him.

The ALJ has "complete discretion" over consultative testing, and such tests are required only when the record as a whole is not sufficient to support an informed decision. 20 C.F.R. § 1519a(b); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984). However,

the ALJ also has a duty to develop a "full and fair record" under *Cowart v. Schweiker*, 662 F.2d 731, 735-36 (11th Cir. 1981), and 42 U.S.C. § 421(h) provides that

> [a]n initial determination under subsection (a), (c), (g), or (i) of this section that an individual is not under a disability, in any case where there is evidence which indicates the existence of a mental impairment, shall be made only if the Commissioner of Social Security has made every reasonable effort to ensure that a qualified psychiatrist or psychologist has completed the medical portion of the case review and any applicable residual functional capacity assessment.

As the ALJ candidly admitted, there is a "paucity" of medical evidence on the subject of the plaintiff's depression.  The plaintiff's testimony and Dr. Hornsby's diagnosis, together with the plaintiff's prior history of depression, raised the issue, and required more for an informed decision.  No psychiatrist's opinion appears in the record; the only consultative examination was by an osteopath (R. 170-75), and the residual functional capacity assessment (R. 176-183) considers physical limitations alone.  The statute and the ALJ's duty to develop the record require more.  *See McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988).[4]  Whether by appointment of a psychological examiner or by other means, the Commissioner must develop the record further on the subject of the plaintiff's alleged depression in order to render a legally sufficient decision.

---

[4] The ALJ properly considered the plaintiff's failure to seek treatment for depression (*see Watson v. Heckler*, 738 F.2d 1169, 1173 [11th Cir. 1984]) and partial work activity.  However, these considerations do not override the need for more psychological evidence, particularly in light of the fact that the plaintiff spent an unspecified part of the relevant period in jail, and the nature of the "kitchen work" he did as part of his rehabilitation was unspecified.

## V.   CONCLUSION

Accordingly, it is

ORDERED that the finding of the Commissioner is REVERSED, and this case is

remanded to the Commissioner for further proceedings consistent with this opinion.

A separate order will be entered.

DONE this 20th day of September, 2006.


/s/ Vanzetta Penn McPherson
VANZETTA P. MCPHERSON
UNITED STATES MAGISTRATE JUDGE